UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**UNITED STATES OF AMERICA,**

      v.                                  CR NO. 07-674 (JMF)

**STEVEN ARRINGTON,**

      **Defendant.**

_____

**DETENTION MEMORANDUM**

      This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall─include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

      1.      Officer Somalli Fuller of the Metropolitan Police Department and an undercover officer were part of a buy/bust operation. On December 19, 2007, at about 6:30 p.m., the undercover officer approached the defendant at the 5000 block of Benning Road, S.E., Washington, D.C.

      2.      The defendant said that he was working, that he had no "dimes" but had "dippers." The undercover officer agreed to buy the latter. The defendant took a vial from his pocket. The undercover officer gave the defendant a cigarette and the defendant dipped it into the vial. This dipping process is used to place phencyclidine on the cigarette.

      3.      Defendant was arrested shortly thereafter, and was found to be in possession of the vial used in the transaction with the undercover officer. He also was in possession of an

additional bottle of what smelled like phencyclidine. This bottle contained 20 ounces of that substance.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment,

                financial resources, length of residence in the community and community ties;

        b.        Past conduct, history relating to drug or alcohol abuse;

        c.        Criminal history;

        d.        Record concerning appearance at court proceedings;

        e.        Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.        The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Phencyclidine is a narcotic drug and the police officer testified that the one ounce vial, capable of "dipping," would yield $10 to $25 per "dip." The total value of all the phencyclidine in his possession was estimated to be in excess of $15,000.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant resides in this community but is unemployed.

**The weight of the evidence.** The defendant faces a strong government case. The defendant was found with the money used by the undercover officer to buy the "dip" in his

possession when he was arrested; its serial number had been recorded before the buy.

**History relating to drug or alcohol abuse.**  There was no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record.**  The defendant has a prior misdemeanor conviction in Maryland for obstructing justice.

**Whether on probation or parole at the time of the present offense.**  The defendant is being held without bond in the Superior Court on a pending assault case.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  He offered little more than his residence to rebut the presumption of dangerousness created by the Bail Reform Act.  I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community.  I will, therefore, order the defendant detained without bond pending trial.

I should note that, at this point, the defendant's release would be academic; he is held without bond in the Superior Court.  He remains free, of course, to seek a modification of his release conditions if the Superior Court case is resolved in his favor.

**January 7, 2008**                              /s/                              
                                          **JOHN M. FACCIOLA**
                                          **UNITED STATES MAGISTRATE JUDGE**